**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SANDRA RUDZINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05 C 0474 |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY and SHARP ELECTRONIC COMPANY, | ) ) ) | The Hon. Judge Keys |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| SHARP ELECTRONICS CORPORATION, | ) | |
| | ) | |
| Cross-Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05 C 0474 |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) | The Hon. Judge Keys |
| | ) | |
| Cross-Defendant. | ) | |

**CROSS-PLAINTIFF SHARP ELECTRONICS
CORPORATION'S RESPONSE TO METLIFE'S MOTION TO
<u>COMPEL SHARP TO PRODUCE INVOICES AND BILLING STATEMENTS</u>**

Defendant/Cross-Plaintiff Sharp Electronics Corporation ("Sharp"), by and through its attorneys, Fisher & Phillips LLP, hereby responds to Metropolitan Life Insurance Company's ("MetLife") Motion to Compel Sharp to Produce Invoices and Billing Statements. MetLife's Motion to Compel is not properly before the Court, impermissibly seeks privileged information, and cannot be decided until this Court determines whether the trial in this matter will be bifurcated into liability and damages phases. Accordingly, Sharp respectfully requests that this Court deny MetLife's motion, or in the alternative, make no ruling on MetLife's Motion until it has decided whether the trial will be bifurcated.

I. **Background**

MetLife served Sharp with a Rule 30(b)(6) notice seeking to depose witnesses to testify regarding Sharp's attorney's fees in this action. See MetLife's Motion Ex. C, Exhibit A ¶¶ 11-12. MetLife also requested that such individual produce Sharp's attorney's billing statements in this action during the deposition. Id., Exhibit B. Sharp objected to producing such witness and documents on the ground that its attorney's fees were not relevant prior to judgment, and that the bulk of the information in the billing statements was privileged. See MetLife's Motion Ex. D. Nonetheless, Sharp provided MetLife with a summary of its attorney's fees, broken down by month. Id. MetLife responded by formally withdrawing its Rule 30(b)(6) deposition notice, but still requesting the billing statements. See MetLife's Motion Ex. E ("MetLife hereby withdraws its pending 30(b)(6) Notice of Deposition"). In response, Sharp maintained its position, and suggested that the issue could be resolved by bifurcating the trial into liability and damages phases. See MetLife's Motion Ex. F. MetLife responded by filing this Motion to Compel, seeking this Court to order Sharp to produce its attorney billing statements in this litigation.

II. **MetLife's Motion to Compel Should be Denied, or in the Alternative, Stayed**

There are several problems with MetLife's Motion each of which independently warrant its denial. First, MetLife's Motion is not properly before this Court as there is no pending request for production of documents. Second, MetLife's Motion impermissibly seeks privilege information. Third, the Motion directly relates to the issue of whether the trial should be bifurcated, and hence is premature pursuant to the Local Rules of this Court. Accordingly, this Court should deny MetLife's Motion, or alternatively, decline to rule on it at this time.

    A. **MetLife's Motion Is Not Permitted by Rule 37**

MetLife requests that this Court order Sharp to produce documents despite the fact that

there is no pending request for production of documents directed at the subject. Although it did eventually file a Rule 30(b)(6) deposition notice, it formally withdrew that notice (see MetLife's Motion Ex. E), yet now seeks to rely on the rider to that notice as some sort of substitute request for production of documents. Conditioning a motion to compel on such an informal request for documents is clearly improper, and is not allowable under Federal Rule of Civil Procedure 37(a)(2)(B), which allows motions to compel based solely on a party's failure to answer *formal* discovery requests. Fed. R. Civ. P. 37(a)(2)(B). In essence, MetLife is asking this Court to order Sharp to provide MetLife with privileged documentation despite the fact that it never served Sharp with a request for production of documents, and that Sharp has had no opportunity to formally object to MetLife's informal request. See, e.g., Kmoch v. Klein, No. 95 C 2256, 1996 U.S. Dist. LEXIS 3916, at *8 (N.D. Ill. 1996)[1] (a motion to compel is premature in the absence of formal discovery requests). MetLife's Motion should therefore be denied.

   **B.**  **Sharp's Attorney's Fees Billing Statements Contain Attorney-Client Privileged Information, and Such Information is Not Relevant Prior to Judgment**

Under the Federal Rules of Civil Procedure, a party is entitled to discover relevant non-privileged information. Fed. R. Civ. P. 26(b)(1). In contrast, MetLife seeks *irrelevant* and *privileged* information, and therefore its motion should be denied. It is well-settled that attorney's fees information is not relevant prior to judgment, and that production of attorney fees related information would require the disclosure of privileged information. See Nochowitz v. Ernst & Young, No. 92 C 5468, 1993 U.S. Dist. LEXIS 4444 (N.D. Ill. 1993) (the disclosure of documents or records regarding attorney's fees "creates major risks of simultaneously disclosing attorney-client privileged communications or work-product documents or both. Most importantly, the adverse party . . . has no need whatever for those documents prior to judgment.

---

[1] All unpublished cases cited herein are attached hereto as Exhibit B.

If it wins on the merits, the issue is moot. If it loses on the merits, it will have ample opportunity for discovery of all matters relevant to the claim for attorneys' fees then"); Weeks v. Samsung Heavy Indus., No. 93 C 4899, 1996 U.S. Dist. LEXIS 7397 (N.D. Ill. 1996) (counsel is not entitled to discovery of opposing counsel's billing statements "during the ordinary course of discovery and they should not be entitled to this information in any form, or to keep this information in their files during the litigation process" because "billing records which contain a description of the actual legal services performed are protected by attorney-client privilege"); In re Witnesses Before the Special March 1980 Grand Jury, 729 F.2d 489 (7th Cir. 1984) ("billing sheets . . . which indicate the nature of documents prepared, issues researched or matters discussed could reveal the substance of confidential discussions between attorney and client" and therefore are privileged); Certain Underwriters At Lloyd's, London v. Fidelity and Casualty Ins. Co., No. 89 C 876, 1998 U.S. Dist. LEXIS 3654 (N.D. Ill. 1998) (a narrative fee statement which shows "the presence of attorney strategy, ideas and mental impressions" is "protected by the attorney work product privilege and beyond discovery").

Requiring Sharp to produce its attorney billing statements will force it to disclose its privileged communications, work product, and trial strategy. Thus, as the courts in this Circuit have recognized, there is no justification for requiring the disclosure of such information prior to Sharp prevailing on the merits. At such time, Sharp's disclosure of its billing statements will not implicate any concerns of privilege or the disclosure of trial strategy.

MetLife concedes the fact that the billing statements contain much privileged material which is not discoverable. See MetLife's Motion ¶ 13. Instead, MetLife argues that the billing statements are discoverable because Sharp's attorney's fees are "consequential damages" which are discoverable prior to judgment. MetLife's argument is misleading, and its reliance on Cohn

v. Taco Bell Corp., 1995 U.S. Dist. LEXIS 11791 (N.D. Ill. 1995) is sorely misplaced. MetLife ignores the fact that Sharp has brought an ERISA breach of fiduciary duty claim, which allows for recovery of attorney's fees. In other words, ERISA is a fee-shifting statute, and the cases upon which Sharp relies are directly on-point. Just as a defendant in a Title VII action is not entitled to the plaintiff's attorney's fees information prior to judgment, the same applies with respect to ERISA actions. Moreover, it is not possible to distinguish between the fees Sharp has incurred in this matter with respect to its defense against Plaintiff's complaint as opposed to the prosecution of its Cross-claim, as all of Sharp's discovery and other litigation activities apply equally to both aspects of the case.

Finally, MetLife's suggestion that Sharp produce redacted billing statements would serve no purpose other than, ironically, to increase Sharp's attorney's fees, as Sharp would be required to engage in excessive redactions and the preparation of a voluminous privilege log. Because the vast majority of the entries contain privileged material, all that would be left would be a daily breakdown of the amounts Sharp was billed by its attorneys, and the dates certain pleadings were prepared. Sharp has already provided MetLife with a monthly breakdown of its fees (see MetLife's Motion Ex. D), and MetLife knows when Sharp prepared its pleadings.

Further, no judgment has yet been entered against MetLife. There will be months more of litigation prior to trial. It only makes sense to wait for a judgment and the finality of the substantive proceedings until Sharp must produce redacted billing statements. The procedure will not only conserve resources, but may avoid the unnecessary expenditure of such resources altogether should MetLife avoid liability. MetLife will also suffer not one iota of prejudice if this procedure is utilized because a bifurcation of proceedings will afford MetLife the full opportunity to litigate the issue of fees (see below). Accordingly, requiring Sharp to redact over

a year's worth of bills would serve no legitimate purpose. MetLife's Motion should therefore be denied.

### C. MetLife's Motion Directly Relates to the Court's Decision Regarding Bifurcation of the Trial, and Therefore is Premature

Finally, this Court should not rule on MetLife's motion because it directly relates to the Court's ultimate decision regarding whether the trial should be bifurcated. The Northern District of Illinois Final Pretrial Order Form requires the parties to state whether they stipulate to a bifurcated trial. See L.R. 16.1.1, attached hereto as Exhibit A. The Form states: "The parties [*insert "agree" or "do not agree" as appropriate*] that the issues of liability and damages [*insert "should" or "should not" as appropriate* ] be bifurcated for trial. On motion of any party or on motion of the court, bifurcation may be ordered in either a jury or a non-jury trial." L.R. 16.1.1. In the event the parties do not agree, the party seeking bifurcation may file a motion. Id.

As Sharp has informed MetLife, it intends to seek bifurcation of the trial into a liability phase and a damages phase (including punitive damages). See MetLife's Motion Ex. F. Given that MetLife apparently does not so stipulate, Sharp intends to file a motion to bifurcate the trial at the appropriate time. If the Court ultimately orders that the trial be bifurcated, Sharp's attorney's fees will be entirely irrelevant until the damages phase of the trial. This is true even if, as MetLife contends, Sharp's attorney's fees are "consequential damages" that must be proved at trial. Such decision is entirely within the Court's discretion. Krocka v. City of Chicago, 203 F.3d 507, 516 (7th Cir. 2000) ("The district court has considerable discretion to order the bifurcation of a trial"). At such time, MetLife will be free to obtain allowable discovery with respect to Sharp's attorney's fees. See, e.g., Nochowitz v. Ernst & Young, No. 92 C 5468, 1993 U.S. Dist. LEXIS 4444, at *2 (N.D. Ill. 1993) ("Most importantly, the adverse party . . . has no need whatever for [attorney's fees records] prior to judgment. If it wins on the merits, the issue is

moot. If it loses on the merits, it will have ample opportunity for discovery of all matters relevant to the claim for attorneys' fees then").

Accordingly, MetLife's present motion to compel production of Sharp's attorney's billing statements is entirely premature, and potentially unfounded depending on whether this Court ultimately orders the trial bifurcated. Because MetLife's motion is intertwined with this Court's decision in this regard, Sharp respectfully requests that this Court deny MetLife's motion, or in the alternative, decline to rule on the motion until it decides whether the trial will be bifurcated.

### III.     Conclusion

WHEREFORE, for the foregoing reasons, Sharp respectfully requests that this Court deny MetLife's Motion, or in the alternative, decline to rule on the motion until it has decided whether the trial will be bifurcated. Furthermore, because MetLife's Motion is completely unfounded, Sharp requests that this Court award it its attorney's fees and costs in preparing this response.

Dated: March 7, 2007                                   Respectfully submitted,

                                                       SHARP ELECTRONICS CORPORATION

                                                       By:  /s/ Craig R. Annunziata
                                                            One of Its Attorneys

Craig R. Annunziata
Brian K. LaFratta
FISHER & PHILLIPS LLP
140 South Dearborn Street
Suite 1000
Chicago, IL 60603
(312) 346-8061

## **CERTIFICATE OF SERVICE**

      I, Craig R. Annunziata, hereby certify that, on March 7, 2007, I caused to be served a true and correct copy of the foregoing **CROSS-PLAINTIFF SHARP ELECTRONICS CORPORATION'S RESPONSE TO METLIFE'S MOTION TO COMPEL SHARP TO PRODUCE INVOICES AND BILLING STATEMENTS** upon:

| Mr. Mark DeBofsky<br>Daley, DeBofsky & Bryant<br>1 N. LaSalle Street, Suite 3800<br>Chicago, IL  60602 | Ms. Natalie Anne Harris<br>Mandell, Menkes & Surdyk, LLC<br>333 West Wacker Drive, Suite 300<br>Chicago, IL  60606 |
|---|---|

by electronic court filing, from 140 South Dearborn Street, Chicago, Illinois.

                                                                                                             _Craig R. Annunziata_