# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SANDRA RUDZINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05 C 0474 |
| ) | Magistrate Judge Keys |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR ENTRY OF FINAL JUDGMENT

Now comes the plaintiff, SANDRA RUDZINSKI, by her attorneys, and hereby seeks the entry of a final judgment in her favor. In support thereof, movant states:

1.  This Court held, "Remand is unnecessary" and a retroactive award of benefits is appropriate because there is "no evidence in the record to support a termination or denial of benefits." Memorandum Opinion (Document No. 210) at 46-47.

2.  This Court found Plaintiff was entitled to "monthly payments due under the terms of the Plan, as well as all back payments, plus prejudgment interest, and reasonable attorney's fees and court costs, once these amounts are computed." Memorandum Opinion at 49.

3.  In accordance with the Court's ruling, Plaintiff requests this Court to enter a final judgment ordering Defendant to pay all benefits due to date plus compounded pre-judgment interest.

4.  As the Court ruled, Plaintiff is entitled to all benefits due to date. Indeed, this Court ordered "monthly payments due under the terms of the Plan, as well as all back payments." Memorandum Opinion at 49. In *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir. 2001), the Seventh Circuit found, "Retroactive reinstatement of benefits is

appropriate in ERISA cases where, as here, 'but for [the insurer's] arbitrary and capricious conduct, [the insured] would have continued to receive the benefits' or where 'there [was] no evidence in the record to support a termination or denial of benefits." The court adds, "a plan administrator will not get a second bite at the apple when its first decision was simply contrary to the facts." *Id*.; *see also*, *Speciale v. Blue Cross & Blue Shield Ass'n*, 425 F. Supp. 2d 917, 929 (D. Ill. 2006)(The court ordered defendants to pay LTD benefits to Speciale on all benefits that have accrued prior to the date of this judgment along with prejudgment interest.).

5. In *Oliver v. Coca Cola Co.*, 497 F.3d 1181, 1201 (11th Cir. 2007), the court found that the district court did not abuse its discretion in awarding the plaintiff unpaid disability benefits and interest both as to those benefits which accrued during the two year "own occupation" period under the policy as well as benefits that have accrued to date under the "any occupation" definition of disability, since "it would have been futile for Oliver to seek benefits from Broadspire and Coca-Cola under the 'any occupation' definition of disability where those same decision makers had already denied benefits under the 'own occupation' standard." *See also*, *Cook v. Liberty Life Assur. Co.*, 320 F.3d 11, *23-25 (1st Cir. 2003)(The court found that the district court did not abuse its discretion in awarding a retroactive reinstatement of all benefits due, including benefits under the "any occupation" period that accrued subsequent to the commencement of litigation.).

6. Similarly, in *Dorris v. Cummins Engine Co., Inc. Group Ins. Plan*, 470 F. Supp. 2d 797, 819 (D. Tenn. 2006), the court found, "there is sufficient uncontroverted evidence in the administrative record establishing that Ms. Dorris is unable to perform any work for which she is reasonably fitted by learning or experience." The court ordered the defendant's to pay the plaintiff all past-due LTD benefits, health benefits, and other employee benefits available to her,

and reinstate all of her future and ongoing benefits." *Id*. at 820. *Dorris* thus found the plaintiff was entitled to "any occupation" disability benefits even though the insurer had not yet adjudicated benefits under that standard.

7. Here, as in the cases cited above, this Court found, "The evidence so strongly favors Plaintiff's entitlement to LTD benefits, and so strongly demonstrates MetLife's refusal to provide Plaintiff with a full and fair review of her claim, that remand and a retroactive award of benefits is appropriate." Memorandum Opinion at 47. Therefore, it would be futile for Rudzinski to seek benefits from Defendant under the "any occupation" definition of disability where those same decision makers already denied benefits under the "own occupation" standard. Further, there is substantial evidence in the record demonstrating Plaintiff's inability to functionally perform any occupation including the Social Security Administration's disability award signifying her inability to engage in "any substantial gainful activity." 42 U.S.C. § 423(d)(1)(A)-definition of "disabled" under Social Security Act. Thus, Rudzinski is entitled to all benefits due to date.

8. Upon entry of judgment for all benefits due, the court should also award Rudzinski prejudgment interest at a rate of 9% pursuant to 215 ILCS 5/357.9 or 5/357.9a. *See Billings v. Continental Casualty,* 2003 U.S.Dist.LEXIS 796 (N.D.Ill. 1/21/03) (The Court held that plaintiff is entitled to payment of disability benefits retroactive to January 7, 2002 with prejudgment interest at a rate of 9% pursuant to 215 ILCS 5/357.9, the statute governing interest payments on disability benefits). According to *Rivera v. Benefit Trust Life Ins. Co*., 921 F.2d 692, 696 (7th Cir. 1991) and *Fritcher v. Health Care Service Corp*., 301 F.3d 811, 820 (7th Cir. 2002), prejudgment interest is required in ERISA claims. Further, the amount of prejudgment interest awarded should be compounded annually. *See Gorenstein Enters. v. Quality Care-USA*,

874 F.2d 431, 437 (7th Cir. 1989); *American Nat'l Fire Ins. Co. v. Yellow Freight Systems, Inc.*, 325 F.3d 934, 937-38 (7th Cir. 2003)(The Seventh Circuit noted that "compound prejudgment interest is the norm in federal litigation."); *also see, Chao v. Current Dev. Corp.*, 2007 U.S. Dist. LEXIS 89007, * (N.D.Ill. 2007)(The court ordered defendant to pay prejudgment interest, compounded annually, on the restorative payments.).

9. Thus, Rudzinski is entitled to a net monthly benefit of $1,213.99 (60% of her salary ($2,334.99) less her social security award ($1,121.00)), which is $14,567.88 a year. Therefore, her past due benefits amount to $76,481.37 (from September 30, 2002 to December 31, 2007) plus 9% interest compounded annually, which would come to $107,553.71.

10. Alternatively, this Court should use the prime rate in effect as of the approximate date of this opinion along with some modest premium to account for the risk of default, which was the method used in *Nickola v. CNA Group Life Assur., Co.*, 2005 U.S. Dist. LEXIS 16219, *47 (N.D.Ill. 2005); *see also*, *Deal v. Prudential Ins. Co. of Am.*, 263 F. Supp. 2d 1138, 1143-1144 (N.D.Ill. 2003)(applying prime rate for prejudgment interest award). In *Nickola*, the court found the risk of default to be modest so the Court ordered a .35% premium for risk of default on a 6.25% interest rate. *See also*, *See Gorenstein*, 874 F.2d at 436-437 (applying compounded prime rate, but cautioning "against the danger of setting prejudgment interest rates too low by neglecting the risk, often nontrivial, of default.").

11. Applying the methodology used in *Nickola*, Rudzinski is entitled to $76,481.37 plus 8.25% interest, which is the prime rate in effect as of the date of the opinion (September 14, 2007), along with a modest premium (.46%)[1] (8.71%), compounded annually, which would come to $106,993.73.

---

[1] This premium follows the same proportion used by the court in *Nickola*.

12. Accordingly, Plaintiff requests this Court to enter a final judgment ordering Defendant to pay all benefits due to date plus compounded pre-judgment interest.

                                            Respectfully submitted,
                                            */s/ Mark D. DeBofsky*_____
                                            One of the attorneys for plaintiff

Mark D. DeBofsky
Violet H. Borowski
Daley, DeBofsky & Bryant
55 W. Monroe, Suite 2440
Chicago, Illinois 60603
(312) 372-5200 / FAX (312) 372-2778

## CERTIFICATE OF SERVICE

TO:    Steve P. Mandell                                     Craig R. Annunziata
       Mandell Menkes LLC                        Fisher & Philips LLP
       333 West Wacker Dr., Suite 300       140 South Dearborn St., Suite 1000
       Chicago, IL 60606                              Chicago, IL 60603

       The undersigned attorney hereby certifies that on December 6, 2007, he electronically filed the foregoing PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT with the Clerk of the Court using the CMF/ECF filing system, which sent notice of such filing to the above named attorneys, and that I hereby certify that I have mailed via the United States Postal Service the document to the following non-CMF/ECF participants: N/A.

                                                               s/ Mark D. DeBofsky\_\_\_

DALEY, DE BOFSKY & BRYANT           Mark D. DeBofsky
55 W. Monroe St., Suite 2440               Attorney for Plaintiff
Chicago, Illinois 60603                       Sandra Rudzinski
(312) 372-5200 / FAX (312) 372-2778