IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA RUDZINSKI, ) | |
| ) | |
| Plaintiff, ) | Case No. 05 C 0474 |
| ) | |
| v. ) | |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | Magistrate Judge Arlander Keys |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Sandra Rudzinski worked for Sharp Electronics from 1997 through April 2, 2002, when chronic fatigue, joint pain and headaches (symptoms later attributed to a diagnosed case of fibromyalgia) forced her to cease her active employment with the company. Pursuant to a Long-Term Disability Benefits Policy issued to Sharp by MetLife, Sharp paid Ms. Rudzinski short-term disability benefits during a 180-day elimination period. Those benefits were terminated on July 31, 2002, as was Ms. Rudzinski's employment with Sharp.

During the 180-day elimination period, based on information she received from Sharp, Ms. Rudzinski applied to MetLife for a "conversion policy" - a policy that would allow Ms. Rudzinski to preserve her long-term disability coverage after Sharp officially terminated her employment. Ms. Rudzinski paid the scheduled premiums on the conversion policy, but, to make a long story short, MetLife declined to issue long-term disability coverage to

her, ostensibly based upon a condition that existed when she applied for the conversion policy.

On January 16, 2005, Ms. Rudzinski sued in this Court, naming MetLife as the sole defendant. At some point thereafter, MetLife allegedly informed Ms. Rudzinski that it had also denied her request for coverage because Sharp had failed to pay the long-term disability benefit premiums on her behalf - this, despite the fact that the policy did not obligate Sharp to do so. Based on this representation from MetLife, Ms. Rudzinski amended her complaint to add Sharp as a defendant. And Sharp quickly filed a cross-claim against MetLife, alleging that MetLife breached its fiduciary duty under ERISA, and seeking indemnification from MetLife for any liability imposed on Sharp as a result of MetLife's conduct.

On January 16, 2007, Ms. Rudzinski voluntarily dismissed the only claim against Sharp, leaving MetLife once again as the sole defendant. MetLife moved to dismiss Sharp's cross-claim and lost. With respect to the breach of fiduciary duty claim, MetLife argued that, under the circumstances, Sharp did not qualify as a fiduciary and, therefore, lacked standing to assert a claim for breach of fiduciary duty; Judge Darrah, the district judge to whom the case was initially assigned, found that "[t]he determination of Sharp as a fiduciary is a factual inquiry, which is not properly before the Court [on a motion to dismiss]."

*Rudzinski v. Metropolitan Life Insurance Co.*, No. 05 C 474, 2007 WL 257675, at *3 (N.D. Ill. Jan. 25, 2007). With regard to the indemnification claim, MetLife argued ERISA preemption; Judge Darrah rejected that argument too, finding that, under the circumstances, Sharp had stated "a cognizable claim apart from the preemption considerations presented by ERISA." *Id.*

On April 4, 2008, Sharp filed an amended cross-claim against MetLife, alleging seven counts: breach of fiduciary duty under ERISA, 29 U.S.C. §§1132(a)(2)-(3) and 1109(a)(count1); indemnification (count 2); negligence (count 3); negligent inducement (count 4); negligent misrepresentation (count 5); abuse of process (count6); and common law breach of fiduciary duty (count 7). MetLife has moved to dismiss the cross-claim, arguing that all of the counts are based upon statements made during the course of litigation, which are absolutely privileged and therefore cannot form the basis of any liability; that the claims are preempted by ERISA; that Sharp lacks standing to pursue the claims; that the relief sought is not available to Sharp; and that, because Sharp has already been dismissed from the case, it cannot recover damages, fees or costs incurred in defending Ms. Rudzinski against MetLife.

Dismissal under Rule 12(b)(6) is proper when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Weizeorick v. Abn*

3

*Amro Mortgage Group, Inc.*, 337 F.3d 827, 830 (7th Cir. 2003). When considering a motion to dismiss under Rule 12(b)(6), the Court looks to the sufficiency of the complaint (here, the cross-claim); the Court accepts all well-plead allegations as true, and draws all reasonable inferences in favor of the plaintiff (here, the cross-claimant). *See, e.g., Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir.1999). The Court does not ask whether Sharp will ultimately prevail; rather, it asks whether Sharp is entitled to offer evidence to support its claims against MetLife. *E.g., Smith v. Cash Store Mgmt., Inc.*, 195 F.3d 325, 327 (7th Cir. 1999).

Turning to the substance of the motion, the Court first considers Sharp's argument that the law-of-the-case doctrine requires the Court to deny MetLife's motion. Sharp argues that, because Judge Darrah already denied one motion to dismiss the cross-claim, this Court must do so as well. But the law-of-the-case doctrine comes into play only with respect to issues actually decided. *E.g., Zamora-Mallari v. Mukasey*, 514 F.3d 679, 695-96 (7th Cir. 2008)(citing *Key v. Sullivan*, 925 F.2d 1056, 1061 (7th Cir. 1991)); *Minch v. City of Chicago*, 486 F.3d 294 (7th Cir. 2007); *Universal Guaranty Life Insurance Co. v. Coughlin*, 481 F.3d 458, 462 (7th Cir. 2007). Here, Judge Darrah actually decided only two issues – the issue of whether Sharp's original indemnification claim was preempted under ERISA and the

4

issue of whether Sharp's original allegations stated a claim for breach of fiduciary duty under ERISA; he said nothing about Sharp's negligence and abuse of process claims, which had not been pled in any form, and he said nothing about the claims as they are currently pled. The law of the case doctrine may not be used to enforce an order with regard to a pleading that had not even been drafted when the order was entered. *See Iosello v. Lawrence*, No. 03 C 987, 2005 WL 2007147, at *3 (N.D. Ill. Aug. 18, 2005). The doctrine does not impact the Court's analysis today.

The Court next considers MetLife's argument that Sharp's claims must fail because of privilege. In its amended cross-claim, Sharp alleges that "Metlife advised Plaintiff and her counsel in person and in writing that [she] was not eligible for disability benefits under the Plan because Sharp failed to pay required long term disability insurance premiums following the termination of her employment." Amended Cross-Claim, ¶24. According to Sharp, this statement was "false, contradictory, misleading, and wrongful," *id.*, ¶26; all of Sharp's claims are predicated on this allegedly wrongful statement. Metlife argues that, because the allegedly wrongful statement was made during the course of litigation, it simply cannot form the basis of any claim; it argues, in short, that the statement is absolutely privileged. The Court cannot agree. Although Illinois has a

5

broad absolute litigation privilege, it may not apply beyond defamation actions, *see, e.g., Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp. 2d 704, 708 (N.D. Ill. 2006)(citing *Zdeb v. Baxter Int'l, Inc.*, 297 Ill. App. 3d 622, 697 N.E.2d 425, 430 (1998); *Scheib v. Grant*, 22 F.3d 149, 156 (7th Cir. 1994)), and it most certainly may not be applied to defeat a federal claim, *see Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998). Thus, even if the Court were to apply the privilege, at a minimum, Sharp's ERISA claim would survive. *See also Foster v. Velocity Investments, LLC*, Nos. 07 C 0824 and 07 C 2989, 2007 WL 2461665, at *4 (N.D. Ill. Aug. 24, 2007)("A state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action.")(citing *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998); *Gray-Mapp v. Sherman*, 100 F. Supp. 2d 810, 812 (N.D. Ill. 1999)). And, although the Seventh Circuit has recognized a federal common law litigation privilege, it has declined to apply that privilege to shield statements made by clients (as opposed to attorneys, judges, witnesses, etc.). *Steffes*, 144 F.3d at 1075 (citing *Imbler v. Pachtman*, 424 U.S. 409, 439 (1976)). In short, dismissal based on privilege is not appropriate.

Having addressed the parties' general arguments, the Court now considers Sharp's specific claims, beginning with Sharp's only federal claim, which alleges breach of fiduciary duty under

6

ERISA. To prevail on a claim for breach of fiduciary duty, Sharp would have to prove that MetLife is a plan fiduciary; that it breached its fiduciary duty and that its breach caused Sharp to suffer harm. *E.g., Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 639 (7th Cir. 2007)(citing *Jenkins v. Yager*, 444 F.3d 916, 924 (7th Cir. 2006); *Brosted v. Unum Life Ins. Co. of America*, 421 F.3d 459, 465 (7th Cir. 2005)). Sharp has alleged each of these elements in its Amended Cross-Claim. But the claim is nonetheless deficient in one very important respect: the statutes upon which Sharp has sued simply do not authorize the type of claim alleged or the relief sought. Sharp, as a Plan fiduciary, sued MetLife for breach of its fiduciary duty under the Plan. But it didn't sue to recover anything on behalf of the Plan; rather, it is suing to recover attorney's fees and costs that it paid (there is no allegation that the Plan paid these fees and costs; nor is there any allegation that the Plan lost anything as a result of the alleged breach). Section 1109 imposes liability for breach of fiduciary duty, but the liability it imposes is to "make good *to such plan* any losses *to the plan* resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary . . . ." 29 U.S.C. §1109(a). In other words, Sharp has invoked a statute to bring a claim that simply does not fit within the parameters of that statute. Sharp's federal

7

breach of fiduciary duty claim is dismissed.

The Court turns next to Sharp's state law claims and the question of preemption. ERISA's preemption provision is expansive; by its terms, the statute preempts state law claims that "relate to 'any employee benefit plan.'" *Kannapien*, 507 F.3d at 640 (quoting 29 U.S.C. §1144(a)). If the alleged negligence is intertwined with the benefits determination, the claim is preempted; on the other hand, if the state claim affects a benefit plan in too tenuous, remote or peripheral a manner, the preemption provision may not apply. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1494-95 (7th Cir. 1006). Here, Sharp's negligence claims fall into the former camp, not the latter. As they are presently pled, it would be impossible to resolve Sharp's negligence claims without referring back to the Plan to determine Sharp's and MetLife's respective obligations.

The same result obtains with regard to Sharp's abuse of process claim; as pled, it would be preempted. *See Mennenoh v. Unum Life Insurance Company of America*, No. 02-C-567-C, 2003 WL 21359587, at *1, 2-5 (W.D. Wis. April 1, 2003)(plaintiff's attempt to use state law to challenge defendant's plan administration is impermissible).

Having said this, the Court remains convinced that, despite the allegations in the cross-claim, Sharp's complaint against

MetLife really has little to do with the administration of the plan. The problem is that the law would not seem to entitle Sharp to the relief it seeks - at least, not in this Court. Even if Sharp could amend the allegations relating to its state law claims to avoid the preemption issue, this Court would still dismiss the cross-claim pursuant to 28 U.S.C. §1367(c)(3).

## CONCLUSION

For the reasons explained above, the Court finds that Sharp's federal breach of fiduciary duty claim fails to state a claim upon which relief may be granted, and that Sharp's state law claims, as pled, are preempted by ERISA. Accordingly, the Court grants MetLife's Motion to Dismiss Sharp's Amended Cross-Claim [#265].

Date: July 9, 2008

ENTER:

ARLANDER KEYS
United States Magistrate Judge