**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SANDRA RUDZINSKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> METROPOLITAN LIFE INSURANCE ) <br> CO. and SHARP ELECTRONIC CO., ) <br> ) <br> Defendants. ) <br> ) <br> SHARP ELECTRONICS CO., ) <br> ) <br> Cross-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> METROPOLITAN LIFE INSURANCE ) <br> CO., ) <br> ) <br> Cross-Defendant. ) | Case No. 05 C 474 <br><br> Magistrate Judge Arlander Keys |

## MEMORANDUM OPINION AND ORDER

Sandra Rudzinski worked for Sharp Electronics from 1997 through April 2, 2002, when symptoms later diagnosed as fibromyalgia forced her to cease her active employment with the company. Ms. Rudzinski's employment with Sharp officially ended in July 2002. After she stopped working, but before she was officially terminated, Ms. Rudzinski attempted to obtain long-term disability benefits pursuant to a policy that had been issued to Sharp by MetLife. For a variety of reasons, MetLife denied her claim. And, on January 26, 2005, Ms. Rudzinski sued under ERISA, naming MetLife as the sole defendant. After a representative from MetLife told Ms. Rudzinski that she was not

entitled to long-term disability benefits because Sharp failed to pay certain required premiums on her behalf, Ms. Rudzinski added Sharp as a defendant. Sharp then filed a cross-claim against MetLife, alleging that MetLife breached its fiduciary duty under ERISA, and seeking damages and indemnification from MetLife for any liability imposed on Sharp as a result of MetLife's conduct.

On January 16, 2007, Ms. Rudzinski voluntarily dismissed the only claim against Sharp, leaving MetLife once again as the sole defendant in the lawsuit. Nevertheless, on April 4, 2008, Sharp amended its cross-claim against MetLife; in addition to the ERISA claim for breach of fiduciary duty seeking damages and indemnification, Sharp also asserted claims of negligence, negligent inducement, negligent misrepresentation, abuse of process, and common law breach of fiduciary duty. MetLife moved to dismiss the cross-claim, and, because the Court determined that Sharp's claim simply did not fit within the parameters of the statute under which it had sued, the Court granted MetLife's motion; the Court entered judgment on Sharp's cross-claim in MetLife's favor and against Sharp on July 30, 2008.

Within a month of the judgment, MetLife filed a motion for taxation of costs. Thereafter, MetLife filed a motion seeking attorneys' fees and costs, which subsumes the first motion. All told, MetLife seeks $238,372.00 in attorneys' fees and $26,147.30 in expenses. Sharp has not challenged these amounts; in fact,

2

consistent with Local Rule 54.3(e), the parties submitted a joint statement agreeing to these amounts. Sharp does, however, challenge MetLife's entitlement to fees in the first place; Sharp argues that, because its cross-claim was substantially justified, MetLife is not entitled to recover its attorneys' fees.

29 U.S.C. §1132(g) provides that "[i]n any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Although §1132(g), by its terms, would seem to provide for fees to either a prevailing plaintiff or a prevailing defendant, the Seventh Circuit has suggested that the statute is primarily intended to benefit plaintiffs, and that awards to prevailing defendants in these types of cases are less common. See *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 563-564 (7th Cir. 1994)(interpreting §1132(g) "to mean that although winning defendants may, in rare cases, collect fees from losing plaintiffs, the ERISA fee-shifting statute primarily benefits winning plaintiffs")(citing *Chicago Painters & Decorators Pension, Health and Welfare, and Deferred Savings Plan Trust Funds v. Karr Bros.*, 755 F.2d 1285 (7th Cir. 1985)); *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820 (7th Cir. 1984); *Marquardt v. North Amer. Car Corp.*, 652 F.2d 715 (7th Cir. 1981)).

Generally speaking, a prevailing plaintiff in an ERISA case is awarded attorneys' fees only if the defendant's position was "not 'substantially justified.'" *E.g., Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004)(quoting *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 830 (7th Cir. 1984)). Similarly, "an award of fees to a successful defendant may be denied if the plaintiff's position was both 'substantially justified' - meaning something more than non-frivolous, but something less than meritorious - and taken in good faith, or if special circumstances make an award unjust. *Senese v. Chicago Area I. B. Of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001)(citing *Harris Trust & Savings Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 616-617 & n.4 (7th Cir. 1995); *Trustmark Life Ins. Co. v. Univ. of Chicago Hosps.*, 207 F.3d 876, 884 (7th Cir. 2000)).

In its motion for fees, MetLife argues that Sharp's cross-claim was not substantially justified. More specifically, MetLife argues that Sharp's position had no solid basis in fact because it could simply have paid the premiums and avoided suit, and that Sharp's position had no solid basis in law - especially after Sharp was dismissed from the lawsuit and the possibility that Sharp could be held liable to Ms. Rudzinski (thereby triggering any indemnification on MetLife's part) fell to zero.

Initially, the Court rejects the notion that Sharp's claim

4

had no factual basis; unquestionably, Sharp was brought into this case because of representations made by MetLife and its representatives that - intentionally or not - shifted blame for the denial of Ms. Rudzinski's claim from MetLife to Sharp. Sharp's allegations on this score, which found support in the record, justify Sharp's decision to pursue a cross-claim against MetLife.

At first blush, it is tempting to buy in to MetLife's argument that, once Ms. Rudzinski dismissed her claim against Sharp, Sharp's cross-claim, which sought indemnification, could no longer have been substantially justified. After all, at that point, there was no way Sharp could have been found liable to Rudzinski for anything, and thus there could have been nothing for MetLife to indemnify. Yet it was after Ms. Rudzinski's dismissal of count 2 - the only claim against Sharp - that Judge Darrah denied MetLife's motion to dismiss. This certainly takes much of the steam out of MetLife's argument.

Moreover, although it is true that Ms. Rudzinski's dismissal of Sharp eliminated any possibility of indemnification, Sharp's cross-claim sought more than just indemnification - it sought damages, including damages Sharp had already incurred having to defend itself against Ms. Rudzinski's claim. And Sharp was entitled to continue its quest to recover those damages, even after it was no longer a defendant in the case.

At bottom, MetLife seems to suggest that, given the outcome, Sharp's prosecution of the claim could not have been substantially justified. But one does not necessarily follow the other. A position is substantially justified if it has "a solid basis"; a party who pursues a claim without such a basis "really [does] nothing more than harass his opponent by putting him through the expense and bother of litigation for no good reason." *Production and Maintenance Employees' Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1405 (7th Cir. 1992), *cited in Contilli v. Local 705, I. B. Of T. Pension Fund*, No. 05 C 0080, 2007 WL 2973835, at *2 (N.D. Ill. Oct. 11, 2007). *See also Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 830 (7th Cir. 1984). Nonmeritorious claims may still have a solid basis, as Sharp's did here.

## Conclusion

For the reasons explained above, MetLife's Motion for Attorneys' Fees and Expenses [#318] is denied.

Dated: March 31, 2009          ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge